STATE OF LOUISIANA

VERSUS

ARMANDE TART

NO. 22-K-439

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-01736, DIVISION "E"
HONORABLE FRANZ L. ZIBILICH, JUDGE PRESIDING

September 29, 2022

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg

**<u>WRIT GRANTED; RULINGS VACATED; MATTER REMANDED WITH
INSTRUCTIONS</u>**

    **JGG**

    **RAC**

    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
ARMANDE TART
    Zachary Orjuela

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Thomas J. Butler

**GRAVOIS, J.**

Relator, Armande Tart, seeks this Court's supervisory review of the *ad hoc* judge's September 8, 2022 oral ruling which denied relator's motion to recuse the entire bench of the 24th Judicial District Court from presiding over his criminal prosecution for four counts of first degree murder, attempted first degree murder, and obstruction of justice. For the following reasons, we grant the writ application, vacate the *ad hoc* judge's September 8, 2022 oral rulings, and remand the matter with instructions.

## FACTS AND PROCEDURAL BACKGROUND

Relator moved to recuse the entire bench of the 24th JDC under La. C.Cr.P. art. 674, because one of the victims involved in this case was a first cousin to Judge Donald A. Rowan, Jr., one of the sitting judges. Judge Frank Brindisi self-recused. An *ad hoc* judge, retired judge Franz Zibilich, was appointed to hear the motion, as per La. C.Cr.P. arts. 674 and 675.

At the beginning of the hearing on the motion to recuse on September 8, 2022, Judge Zibilich disclosed that he has a dating relationship with the First Assistant District Attorney of the 24th JDC. Defense counsel thereupon made an oral motion to recuse Judge Zibilich on the grounds found in La. C.Cr.P. art. 671. Judge Zibilich orally denied the motion as premature, finding no merit to it as he was only appointed to preside over the recusal motion and not the case itself in the event the entire bench of the 24th JDC was recused.[1] Judge Zibilich also stated that the two of them do not discuss cases. Defense counsel objected for the record, which was duly noted. Following the hearing, Judge Zibilich orally ordered that

---

[1] Following the ruling on the motion to recuse but prior to filing the writ application in this Court, relator filed a written motion to recuse the *ad hoc* judge ("Nunc Pro Tunc Motion To Recuse Ad Hoc Judge Zibilich On Grounds Disclosed During The Recusal Hearing On September 8, 2022") to make the record complete.

Judge Rowan be recused from this case, but denied the motion to recuse the remaining judges of the 24th JDC.[2]

In his writ application, relator first argues that the *ad hoc* judge erred in summarily denying the oral motion to recuse him from presiding over the hearing, because he should have referred the motion to another judge or to an *ad hoc* judge for hearing, as required by La. C.Cr.P. art. 674. Second, relator argues that the *ad hoc* judge erred in granting the motion to recuse only as to Judge Rowan and not as to the entire bench.

After review of the writ application and the applicable law, for the following reasons, we find merit to relator's first assigned error.

## ANALYSIS

Louisiana Code of Criminal Procedure article 674 provides:

A. A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusal under Article 671. The motion shall be filed not later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases at least thirty days prior to commencement of the trial. In the event that the facts constituting the ground for recusal occur thereafter or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after the facts occur or are discovered, but prior to verdict or judgment.

B. If the motion to recuse sets forth facts constituting a ground for recusal under Article 671, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or refer the motion for hearing to another judge or to an *ad hoc* judge as provided in Article 675.

C. If the motion to recuse is not timely filed in accordance with Paragraph A of this Article or fails to set forth facts constituting a ground for recusal under Article 671, the judge may deny the motion without referring the motion to another judge or to an *ad*

---

[2] This ruling is evidenced by a minute entry dated September 8, 2022. The entry states that the Court ordered Judge Rowan to be recused from this case. The minute entry further stated that the Defense's motion to recuse the judges of the 24th JDC was "DENIED." It appears that the ruling was actually a grant in part (to recuse Judge Rowen) and a deny in part (to recuse the entire 24th JDC bench). Further, the minute entry does not mention the oral motion made during the hearing by defendant's counsel to recuse Judge Zibilich.

*hoc* judge for hearing but shall provide written reasons for the denial.[3]

Louisiana Code of Criminal Procedure article 678 provides that "An *ad hoc* judge appointed to try a motion to recuse a judge, or appointed to try the cause, may be recused on the grounds and in the manner provided in this Chapter for the recusal of judges."

"[I]n the manner provided in this Chapter for the recusal of judges" required by Article 678 refers to the manner required to recuse regularly assigned judges set forth in Article 674. Article 674 requires first a determination that the motion to recuse sets forth "facts constituting a ground for recusal under Article 671." *See Victor v. State*, 22-171 (La. App. 5 Cir. 7/7/22), 2022 WL 2526906. The written motion, which memorialized the grounds raised orally at the motion to recuse hearing, cited Judge Zibilich's disclosed relationship with the First Assistant District Attorney of the 24th JDC as grounds for his recusal, citing La. C.Cr.P. art. 671(A)(l) (when the judge "is biased, prejudiced, or personally interested in the cause to such an extent that the judge would be unable to conduct a fair and impartial trial") and (6) (when the judge "would be unable, for any other reason, to conduct a fair and impartial trial"), and Article 671(B) (when there exists "a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner"). Upon review, considering the facts disclosed by Judge Zibilich, we find that the motion to recuse sets forth "facts constituting a ground for recusal under Article 671."

Because the motion to recuse sets forth facts constituting a ground for recusal of Judge Zibilich under Article 671, Judge Zibilich was required under

_____

[3] The writ application does not reflect that Judge Zibilich provided written reasons for denying the motion to recuse him without referring the motion to another judge or to an *ad hoc* judge for hearing.

Articles 674 and 678 to either recuse himself or refer the motion for hearing to another judge or to an *ad hoc* judge as provided in Article 675. Judge Zibilich therefore erred by simply orally denying the motion to recuse himself and proceeding with the hearing. Any action taken by Judge Zibilich once the motion to recuse him was made was done in error and must accordingly be vacated.

## DECREE

For the foregoing reasons, this writ application is granted. The September 8, 2022 oral rulings which denied relator's motion to recuse *ad hoc* Judge Franz Zibilich and which granted the recusal of Judge Rowan, but denied the recusal of the entire 24th JDC bench, are vacated. The matter is remanded for Judge Zibilich to either recuse himself or to refer the motion to recuse him to another judge or to an *ad hoc* judge for hearing, as per La. C.Cr.P. arts. 674 and 675.[4]

**WRIT GRANTED; RULINGS VACATED; MATTER REMANDED WITH INSTRUCTIONS**

---

[4] In light of our ruling herein, discussion of relator's second assignment of error is pretermitted.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 29, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-K-439

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANZ L. ZIBILICH (DISTRICT JUDGE)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
ZACHARY ORJUELA (RELATOR)          THOMAS J. BUTLER (RESPONDENT)

**MAILED**
NO ATTORNEYS WERE MAILED